UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL REPLOGLE,

 Petitioner,

v.                Case No. 5:11-cv-556-Oc-10TBS

UNITED STATES OF AMERICA,

 Respondent.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence imposed in an underlying criminal case,[2] filed pursuant to 28 U.S.C. § 2255 ("2255 motion"). (Doc. 1). The Government filed its response to the motion on December 1, 2011 (Doc. 5) and Petitioner filed his traverse to the Government's response on March 8, 2012 (Doc. 10). Upon consideration of the foregoing, the undersigned recommends that the motion be DENIED.

### I. Background

#### A. Procedural History

In the underlying criminal case, Petitioner was indicted on one count of receiving and distributing child pornography and one count of possessing the same. (Underlying Case, Doc. 1). On May 19, 2008, Petitioner plead guilty to count one of the indictment

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2]The underlying criminal case can be found at: Case No.5:08-cr-13-OC-10GRJ ("Underlying Case").

pursuant to a written plea agreement with the United States. (Underlying Case, Doc. 19); see also (Underlying Case, Doc. 15). His plea was accepted (Underlying Case, Doc. 20) and on October 7, 2008, he was sentenced to a 135 month prison term (Underlying Case, Doc. 31). Judgment was subsequently entered against the Petitioner. (Underlying Case, Doc. 32).

Instead of filing an appeal, Petitioner filed his first 2255 motion on September 18, 2009 and argued ineffective assistance of counsel on four grounds:

> [First, counsel] failed to notify movant that the dropped
> [count of the indictment (Count Two)] counted in sentence
> calculation . . . [second, counsel] failed to ask for [a]
> continuance when sentencing was moved to Tampa Division
> on short notice . . . [third, counsel] failed to argue "similar"
> cases when seeking minimum mandatory sentencing . . .
> [and fourth, counsel] failed to file appeal of sentence within
> assigned time.

(Underlying Case, Doc. 35). The Court conducted an evidentiary hearing and granted Petitioner's motion as to the fourth ground.[3] (Underlying Case, Doc. 39 at 16). On January 29, 2010, the Court re-sentenced Petitioner to the same sentence originally imposed and directed the clerk to enter a new judgment to restart the deadline within which Petitioner could file a direct appeal. (Id.).

A review of the record shows that Petitioner filed a direct appeal on February 8, 2010. (Underlying Case, Doc. 42). The Court of Appeals subsequently affirmed his conviction and sentence. (Underlying Case, Doc. 49 at 3, 10). According to the judgment, Petitioner asserted the following claims on direct appeal:

> On appeal, Replogle argue[d] that his sentence, which was
> at the bottom of the guideline range, violate[d] the Eighth

---

[3]The Court dismissed Petitioner's remaining grounds without prejudice. (Doc. 39 at 16)

>Amendment to the United States Constitution; that he
>received ineffective assistance of counsel at sentence; and
>that the guidelines applicable to his offense [were] unduly
>harsh and his sentence [was] therefore unreasonable.

(Id. at 3).

B. Petitioner's Second 2255 Motion

Petitioner filed a second 2255 motion on September 26, 2011. (Doc. 1). In his second 2255 motion currently pending before this Court, Petitioner asserts five grounds for his collateral attack on his sentence. (Id.). On November 2, 2011, District Judge Wm. Terrell Hodges denied with prejudice all of Petitioner's grounds except his argument that he plead guilty because the investigating agents threatened to investigate and prosecute his wife and son if he did not accept responsibility for the child pornography, "regardless of culpability." (Doc. 2and 4). Judge Hodges directed the Government to file a response to this single claim and referred the motion to the undersigned.

II. Discussion

Before the Court considers the merits of Petitioner's claims, it must first determine whether the procedural default rule applies to this case. Upon due consideration, this Court finds that the rule does apply and recommends that Petitioner's claim be DENIED.

The Court of Appeals has opined that "[u]nder the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). The procedural

default rule "generally applies to all claims, including constitutional claims."[4]  Lynn, 365 F.3d at 1234.

In McKay, the Court of Appeals acknowledged that a "procedural default can be excused, however, if one of the two exceptions to the procedural default rule applies. The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." McKay, 657 F.3d at 1196.

Under the actual innocence exception, a movant must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial" to prove that he is actually innocent of the crime for which he was convicted. Liberal v. United States, No. 10-23669-Civ-SEITZ, No. 09-20733-cr-SEITZ, 2011 U.S. Dist. LEXIS 103526, at *38 (S.D. Fla. June 7, 2011) (internal citation omitted); Murray v. Sec'y Dep't. of Corr., No. 6:08-cv-284-Orl-35GJK, 2009 U.S. Dist. LEXIS 62097, at *7-8 (M.D. Fla. July 7, 2009).

"Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by 'showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error.'" McKay, 657 F.3d at 1196. A procedural default can be excused under this exception if a petitioner can demonstrate that his efforts to comply with the procedural deadlines were impeded by "some objective factor external to the defense" or by his counsel's ineffective

---

[4]Notably, jurisdictional claims are not subject to the procedural default rule. See United States v. Harris, 149 F.3d 1304, 1308-09 (11th Cir. 1998) ("[Defendant] need not show cause and prejudice to collaterally attack the enhanced sentence because jurisdictional claims cannot be procedurally defaulted."). This principle is of no consequence to the case at bar because Petitioner has not alleged that this Court lacks jurisdiction to consider the claim. The Court may therefore consider the merits of Petitioner's claim and the applicability of the procedural default rule.

assistance.  Gubanic v. United States, No. 8:10-cv-1356-T-30TGW, No. 8:08-cr-499-T-30TGW, 2012 U.S. Dist. LEXIS 14196, at *9-10 (M.D. Fla. Jan. 30, 2012).

As explained in section I, supra, the record is clear that Petitioner did not challenge the voluntariness of his plea on direct appeal.[5]  Rather, his direct appeal was based on the following unrelated arguments: (1) the guidelines applicable to his offense were unduly harsh, (2) the guideline sentence imposed violated the Eighth Amendment, and (3) his counsel was ineffective.  (Underlying Case, Doc. 49 at 3). Upon due consideration, the Court finds that petitioner's claim is procedurally defaulted.

In his traverse to the Government's response, Petitioner simply states that he "is factually innocent of the crime, despite the admissions during the plea process." (Doc. 10 at 1).  Petitioner's conclusory statement, absent any new evidence in support of his contention, is insufficient to meet the requirements of this exception.  See Liberal, 2011 U.S. Dist. LEXIS 103526, at *38.  Similarly, Petitioner has neither argued that the "for cause" exception applies to him nor offered any explanation for his failure to assert his involuntary plea argument earlier in the proceedings.

Assuming arguendo the veracity of Petitioner's recitation of the facts, the facts giving rise to his claim were well known to him long before he entered his plea.  A review of the record discloses that in addition to failing to make this claim on direct appeal, Petitioner also failed to make his involuntariness claim during his change of plea hearing.  During the plea colloquy he answered in the affirmative to the Magistrate Judge's numerous inquiries into whether he was entering his guilty plea "freely and

---

[5]Petitioner concedes as much in the instant motion.  See (Doc. 1 at 2-3)

voluntarily." (Underlying Case, Doc. 37 at 22-23) Petitioner explicitly denied that anyone threatened, forced, coerced, or intimidated him in any way. (<u>Id.</u>)

### III. Conclusion

Accordingly, Petitioner's argument that his sentence should be vacated, set aside, or corrected because his plea was involuntary is procedurally defaulted and cannot be excused based on either the "actual innocence" or "for cause" exceptions. Since Petitioner has failed to overcome this threshold requirement, the Court need not examine the merits of his claim. Upon consideration of the foregoing, the undersigned recommends that:

1. The motion be DENIED.

2. That this case be DISMISSED WITH PREJUDICE and that the Clerk be directed to close the file.

RESPECTFULLY RECOMMENDED at Ocala, Florida on March 13, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    The Honorable Wm. Terrell Hodges
    United States District Judge

    Pro se Petitioner at his last known address

    Respondent's Counsel of Record